25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John SEKERMESTROVICH, Goldline Wrecking Company, Plaintiffs-Appellants,
v.
Juanita C. JONES, Commissioner, Division of Buildings &
Housing; Damian Borkowski, Chief, Bureau of
Demolition; and City of Cleveland,
Defendants-Appellees.
 No. 93-3131.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs, Goldline Wrecking Company and its president, John Sekermestrovich, appeal the district court's denial of their motion for a preliminary injunction, filed as part of an action brought under 42 U.S.C. Sec. 1983 against the City of Cleveland and two municipal employees. The plaintiffs, alleging procedural due process violations under the Fifth and Fourteenth Amendments, sought to enjoin the defendants from suspending bidding by Goldline on future city contracts and to force the release of monies withheld on prior contracts between the city and Goldline. We find no abuse of discretion by the district court and affirm.
 
 
 2
 In the summer of 1992, the City of Cleveland through its agents, Juanita C. Jones, commissioner of buildings and housing, and Damian Borkowski, head of the demolition bureau, awarded Goldline two demolition contracts. Under the first contract, Goldline was to demolish buildings at 1662 Crawford Road. Under the second contract, Goldline was to demolish buildings at 3747 East 93rd Street.
 
 
 3
 Goldline completed, and was paid for, the Crawford Road contract. However, problems apparently arose in the course of both contracts, and, on August 27, 1993, the plaintiffs received a letter from the city, notifying them that they were suspended from bidding on future contracts with the city. By way of explanation, the letter cited Goldline's past and present disregard of contract specifications and noted specifically that the company had violated certain contract provisions at the Crawford Road site. Among other things, Goldline had also disturbed 55 gallon drums and underground tanks, resulting in the release of hazardous waste at the East 93rd Street site. The letter described these incidents in detail and included reproductions of the specifications that had been breached. The letter also indicated that, in both cases, the appellants had been warned about the practices which ultimately resulted in their suspension. Additionally, after stating that "[a] clean-up of the hazardous materials released by your negligence has been initiated [at the East 93rd Street site]," the letter reproduced the following provision of the city demolition contract general specifications:
 
 
 4
 Any penalty or other liability arising from contractor's failure to comply with Environmental Laws shall be borne by contractor and contractor shall indemnify owner for any liability and expense imposed upon owner by reason of any act or water, air or land pollution resulting from the activities of contractor or contractor's employees, subcontractors or agents.
 
 
 5
 It is apparently under the above provision that the City withheld the $50,000 that Goldline was to be paid for the East 93rd Street contract. Finally, the letter indicated that the plaintiffs had been suspended on previous occasions.
 
 
 6
 Under the City of Cleveland Charter, Chapter 9, Sec. 76-6, and the Codified Ordinances of the City of Cleveland, Ohio (1976) Sec. 3103.20, Goldline had the right to a hearing to appeal its suspension. No such appeal was taken, but in September, 1992, the plaintiffs filed this Sec. 1983 action in federal court and then filed a motion for preliminary injunction, the subject of the instant appeal, which the district court denied on January 4, 1993.
 
 
 7
 On January 12, 1993, the district court issued the following findings of fact and conclusions of law: (1) that Goldline did "not faithfully perform [the] two contracts;" (2) that the plaintiffs had not demonstrated a likelihood of success on the merits; (3) that the opportunity to bid on municipal contracts is not a constitutionally protected interest; (4) that a liberty interest is implicated when the denial of the opportunity to bid on government contracts is based upon charges of fraud or dishonesty, but that fraud and dishonesty were not charged here; and (5) assuming the plaintiffs did have a constitutionally protected interest, that they were not denied due process because they were afforded notice and an opportunity to be heard. This appeal followed.
 
 
 8
 We review a district court's grant or denial of a motion for a preliminary injunction under an abuse of discretion standard. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir.1992). When reviewing a district court's grant or denial of a motion for preliminary injunction, we must consider the following factors: (1) whether the movant has demonstrated a strong probability of success on the merits; (2) whether the movant has shown that irreparable injury will occur absent the injunction; (3) whether the preliminary injunction could have harmful effects on third partes; and (4) whether the public interest would be served by the issuance of the injunction. Id. See also Frisch's Restaurant v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir.1985).
 
 
 9
 Applying the relevant factors to the district court's findings of fact in this case, we reach the inescapable conclusion that injunctive relief was properly denied. Certainly, we cannot say that the district court abused its discretion in concluding that the plaintiffs do not have a constitutionally protected interest to continue bidding on city contracts, under the authority of Transco Security, Inc., of Ohio v. Freeman, 639 F.2d 318, 321 (6th Cir.), cert. denied 454 U.S. 820 (1981) ("The deprivation of the right to bid on government contracts is not a property interest.") Nor does the case fall within the narrow exception to the Transco rule: "The bidder's liberty interest is affected when th[e] denial [of the right to bid] is based on charges of fraud and dishonesty." Id. The suspension letter in the record, on its face, charges Goldline Wrecking Co. with current and previous failures to conform to contract specifications, not with fraud or dishonesty.
 
 
 10
 Inasmuch as the plaintiffs were not deprived of a constitutionally protected interest by the city's refusal to accept future bids, their claim that they were denied due process in this regard is moot. Hence, the plaintiffs have failed altogether to demonstrate "a strong probability of success on the merits." Frisch's Restaurant, supra, 759 F.2d at 1263. It follows that the district court correctly refused to enjoin suspension of bidding by Goldline. Moreover, the propriety of the city's action in withholding proceeds is not properly determined by a preliminary injunction. Instead, this matter should be decided on the basis of evidence submitted at trial.
 
 
 11
 The order of the district court denying injunctive relief is AFFIRMED.